IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID R. FITZSIMMONS, FITZSIMMONS
METAL CO., INC.,

                              25cv0856

       Plaintiffs,                    ELECTRONICALLY FILED

      v.

EVANSTON INSURANCE COMPANY
*trading and doing business as* MARKEL,
MARKEL SERVICE, INCORPORATED,

       Defendants.

## MEMORANDUM ORDER

Before the Court in this insurance coverage case is Defendants' motion to dismiss and brief in support of same. ECF 6 and ECF 7. Plaintiff filed a response in opposition (ECF 9) and Defendant filed a reply brief. ECF 10.[1] For the reasons set forth below, the Motion will be granted in part.

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] Although Defendants styled their motion as a "Motion to Dismiss" and failed to identify the Rule under which they were seeking a dismissal of Plaintiff's claims, after careful consideration of the content of Defendants' briefs, the Court believes Defendants were attempting to file a partial motion to dismiss all claims brought against Markel, Markel Service Incorporated ("MSI") and to dismiss the bad faith claim brought against Evanston, all in accordance with Fed. R. Civ. P. 12(b)(6).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Analysis**

All factual information is taken from the Complaint which the Court accepts as true solely for purposes of adjudicating Defendants' partial motion to dismiss.

The Complaint identifies the two Defendants as follows:

> 5. Defendant Evanston Insurance Company is an insurance company with a principal place of business at 10275 West Higgins Road, Suite 750 Rosemont, IL 60018. It does business under the name Markel.  Defendant Markel Service Incorporated is a corporation with a principal place of business at 10275 West Higgins Road, Suite 750 Rosemont, IL 60018[.]

ECF 1-2 at p. 12.

Defendants contend that Evanston Insurance Company issued a commercial insurance policy to Plaintiff and argue that because MSI is not a party to the insurance contract then it cannot be sued for breach of contract as set forth in counts I through V of the Complaint, nor can it have acted in bad faith as set forth in Count VI of the Complaint. Thus, Defendants argue that MSI that should be dismissed from the instant matter entirely.

Plaintiff's brief concedes that "[MSI] is not a party to the insurance contract." ECF 9 at p. 4. Thus, it appears from its brief in opposition that Plaintiff is abandoning its breach of contract claims against MSI, but not Evanston Insurance Company.  For this reason, the Court will grant Defendants' motion to dismiss Counts I through V as to Defendant-Merkel, MSI only.

Despite Plaintiff's concession, Plaintiff argues that MSI is a statutory insurer for purposes of its bad faith claim set forth in Count VI of the Complaint, and thus does not agree that this claim should be dismissed against Defendant-Merkel, MSI.

The Court finds *Smail Company Inc. v. Liberty Mutual Auto and Home Services, LLC,* instructive on this issues:

> "Clearly one cannot be liable for breach of contract unless one is a party to that contract." *Lockhart v. Federal Ins. Co.*, 1998 WL 151019, at *3

3

(E.D. Pa. Mar. 30, 1998) (citation omitted). Moreover, with respect to a bad faith claim under Pennsylvania law:

> There is no simple rule for determining who is the insurer for purposes of the bad faith statute. The question is necessarily one of fact, to be determined both by examining the policy documents themselves, and by considering the actions of the company involved. Thus, we look at two factors: (1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as an insurer. This second factor is significantly more important than the first factor, because it focuses on the true actions of the parties rather than the vagaries of corporate structure and ownership.

Brown v. Progressive Ins. Co., 860 A.2d 493, 498-99 (Pa. Super. 2004) (footnote omitted).

Courts have recognized that "liability may be imposed where a parent corporation so dominates the activities of a subsidiary that it is necessary to treat the dominated corporation as an 'alter ego' of the principal." Simon v. Unumprovident Corp., 2002 WL 1060832, at *2 (E.D. Pa. May 23, 2002) (citing Botwinick v. Credit Exch., Inc., 213 A.2d 349, 354 (Pa. 1965)). To succeed on this theory, however, a plaintiff must demonstrate that the parent company exercised "complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own." Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 150 (3d Cir. 1988).

Smail Co., Inc. v. Liberty Mut. Auto & Home Servs., LLC, No. CV 23-2056, 2024 WL 1858586, at *4 (W.D. Pa. Apr. 3, 2024), report and recommendation adopted, No. 2:23-CV-2056, 2024 WL 1857231 (W.D. Pa. Apr. 29, 2024).

Unlike the facts of the *Smail* case, the name "Markel" appears all throughout the policy which was attached to Plaintiff's Complaint and thus, the Court has broadly reviewed same for purposes of adjudicating this motion. As the Complaint itself notes, the two entities (Markel and Evanston) share a singular corporate address (ECF 1-2 at ¶5), and the Complaint further alleges

4

that in order to file a claim for a loss which Plaintiff believed to be covered by the policy, Markel was the entity to whom the claim was to be reported. ECF 1-2 at ¶16.

The Court, therefore, finds that Plaintiff, here, has <u>attempted</u> to raise the potential application of the theory of alter ego as they relate to Plaintiff's bad faith claim, but as the Court notes the facts supporting such a theory are sparse at best. Thus, the motion to dismiss the bad faith claim asserted against Defendant Markel/MSI will granted for failure to name the proper defendant, but without prejudice and with leave to amend.

Finally, Defendant claims that the bad faith claim should be dismissed in its entirety because Plaintiff's allegations set forth in its Complaint would fail to survive the policy's exclusions and are conclusory in nature. The Court concurs that the bad faith allegations concerning how Defendants' reliance on an expert report, which led to Plaintiff's bad faith claim against Defendants, needs to be more factually supported under the *Iqbal / Twombly* standard and thus, the Court will grant the motion to dismiss the bad faith claim as to all Defendants but without prejudice and with leave to amend.

## ORDER

AND NOW, this 21st day of August 2025, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's breach of contract claims as to Defendant, Markel and Markel Service, Incorporated. The Court GRANTS WITHOUT PREJUDICE Defendants' motion to dismiss the bad faith claim as to all Defendants with leave to amend by August 29, 2025. Defendants shall file a responsive pleading, thereafter, on or before September 9, 2025.

                                          s/   Arthur J. Schwab
                                          United States District Judge

cc:    All Registered ECF Counsel and Parties